ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| RAMÓN A. CACHO PÉREZ y OTROS<br><br>Parte Apelada<br><br>v.<br><br>ROBERT HATTON GOTAY y SU ESPOSA MARÍA DE LOS ANGELES RENTAS, *et al.*<br><br>Parte Apelante | TA2025AP00585 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: JAC2005-0684<br><br>Sobre: Resolución de Contrato; Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero

Ortiz Flores, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico a 24 de abril de 2026.

Comparece ante nos el señor Robert Hatton Gotay, su esposa María de Los Ángeles Rentas, y la Sociedad Legal de Gananciales compuesta por ambos mediante *Recurso de Apelación* y nos solicitan la revisión de una *Resolución* emitida el 15 de julio de 2025 y notificada el 18 de julio de 2025 por el Tribunal de Primera Instancia, Sala Superior de Ponce. Mediante el referido dictamen, el foro primario adjudicó ciertas cantidades a pagar en concepto de daños.

Por los fundamentos que expondremos, resolvemos *confirmar* en parte y *revocar* parcialmente la *Resolución/Sentencia* apelada.[1]

I

Esta es la *tercera* ocasión en que este Tribunal recibe un recurso apelativo en el caso del título, por lo que, incorporamos por referencia aquellos hechos procesales relatados en los dictámenes de los

---

[1] El término "sentencia" incluye cualquier determinación del Tribunal de Primera Instancia que resuelva finalmente la cuestión litigiosa y de la cual pueda apelarse. Solo debe quedar pendiente su ejecución. Por otro lado, el término "resolución" incluye cualquier dictamen que pone fin a un incidente dentro del proceso judicial. Regla 42.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.1.

previamente atendidos y nos circunscribiremos al asunto atinente a la controversia de autos.[2]

Según surge de los autos, tras la *Sentencia* emitida por este Tribunal de Apelaciones en el caso KLAN201900765, con fecha del 30 de junio de 2020, se reanudaron los procedimientos en el foro primario. Se celebró la Vista Evidenciaria en cumplimiento con el mandato de este foro revisor los días 17 y 18 de enero de 2023; 24 de febrero de 2023; 16, 17, 20, 21, 23, 24, 27, 28, 29 de marzo de 2023; 30 de mayo de 2023; 11, 12, 17 de julio de 2023; 16, 30 de octubre de 2023; 18, 19 de diciembre de 2023; 18 de marzo de 2024; 15 de abril de 2024; 6 de mayo de 2024; 10, 12, 17 de junio de 2024.[3]

En el desfile de la prueba pericial, por parte del señor Cacho Pérez, declararon en calidad de peritos el señor Diego Soroche Fraticelli, tasador de negocios de bienes raíces y, la señora Heidi Calero, economista. En cuanto al Lcdo. Rafael Alonso Alonso, ex presidente de la Junta de Planificación, y el Dr. Alejandro Soto, geólogo, se dio conocimiento de su fallecimiento y se permitió el uso de las deposiciones tomadas en la Vista Evidenciaria.

Por otro lado, el señor Hatton Gotay, presentó como testigos peritos: al Dr. James Joyce, geólogo; el Dr. Juan Lara, economista; el señor Jorge Vallejo, tasador; y, el señor Ismael Avilés, quien declaró sobre la calidad de la arena en la propiedad y su inaptitud para ser utilizada como agregado de concreto.

Evaluada la prueba pericial y documental, el 15 de julio de 2025 con notificación el 18 de julio de 2025, el Tribunal de Primera Instancia emitió *Resolución*.[4] Mediante su dictamen, el foro primario adoptó el primer escenario de daños propuesto por la parte apelada, computando desde el año 2006 hasta el año 2012, siendo los daños ascendentes a la cantidad de a cinco millones ciento cuarenta mil doscientos diecinueve dólares

---

[2] Los recursos que este Tribunal ha atendido son los siguientes: (i)KLAN201000293; (ii) KLAN201900765.

[3] *Supra*, a los Anejos 48-72.

[4] *Id.,* al Anejo 2.

($5,140,219.00), que aplicando intereses por temeridad de 8.50% anual, computados a partir de la fecha de la radicación de la demanda hasta la fecha en que se dictó la referida sentencia, totalizaban la cantidad de cuatrocientos treinta y cinco mil novecientos dieciocho dólares y sesenta y un centavos ($435,918.61), de interés anual para un total de ocho millones setecientos dieciocho mil trescientos setenta y dos dólares y veinte centavos ($8,718,372.20) en intereses hasta el momento de la sentencia. Calculando todo lo anterior a un total de principal e intereses de trece millones ochocientos cincuenta y ocho mil quinientos noventa y un dólares y veinte centavos ($13,858,591.20). Asimismo, declaró *Ha Lugar* la Demanda de autos y condenó a la parte apelante al pago de las costas, gastos y honorarios de abogados confirmados en la Sentencia del Tribunal Apelativo de veinte mil dólares ($20,000.00). Las determinaciones de hechos realizadas por el Tribunal de Primera Instancia se incorporan por referencia, según constan en la referida determinación.[5]

Aún inconforme con la determinación del Tribunal de Primera Instancia, el señor Hatton Gotay acude ante nos mediante recurso de *Recurso de Apelación*[6] y nos señala la comisión de ocho (8) errores por parte del foro primario, a saber:

> Erró el Tribunal de Primera Instancia al acoger ciegamente, y sin ejercicio independiente de juicio, el memorando de hechos y de derecho presentado por el apelado, y notificado un año después al Apelante, utilizándolo como si fuera su propia sentencia, en abierta violación al debido proceso de ley y en clara abdicación de la función judicial que le impone el Artículo V, Sección 1 de la Constitución de Puerto Rico.
>
> Erró el Tribunal de Primera Instancia al asumir que la Sentencia de este Tribunal de Apelaciones de 2011 le imponía la obligación de conceder daños económicos, cuando en realidad el reenvío se limitó a un nuevo examen de prueba conforme a los parámetros establecidos, por lo que el TPI incumplió dicho mandato al utilizar la misma prueba descartada por este TA y al proceder como si existiera un mandato de condena, lo que constituye error de derecho y abuso de discreción que vicia la sentencia recurrida.
>
> Erró el Tribunal de Primera Instancia al condenar al apelante al pago de pagarés prescritos e inexigibles,

---

[5] *Supra*.
[6] SUMAC TA, a la Entrada Núm. 1.

cuya obligación nunca podía trasladársele, especialmente cuando desde 2006 el apelado mantiene la posesión y beneficio de la finca, por lo que la sentencia carece de fundamento jurídico y genera una triple compensación, al adjudicar simultáneamente el precio para adquirir el inmueble, el valor del inmueble con permisos y el lucro cesante como si se hubiera realizado el negocio.

Erró el Tribunal de Primera Instancia y abusó de su discreción al admitir y acoger un peritaje de lucro cesante que carecía de fundamento, pues partía de la premisa falsa de que la finca podía destinarse a la extracción de arena cuando la prueba acreditó que la zonificación rural lo prohibía, las agencias competentes ya habían denegado permisos similares, el propio demandante fracasó en gestiones previas con un ingeniero especializado y hasta incurrió en contradicciones sobre el uso real de la propiedad, de manera que el alegado daño nunca pudo producirse y las proyecciones millonarias presentadas no eran más que especulativas e irreales, por lo que no podían sustentar válidamente una condena en daños.

Erró el Tribunal de Primera Instancia al adjudicar daños especiales no reclamados, basados en un contrato ajeno al pleito suscrito en 2007 entre Utuado Management y Kaplan & Associates, extraño al Stock Purchase Agreement y sin nexo causal alguno con el apelante, en violación al debido proceso de ley y fuera del marco alegado en la Tercera Demanda Enmendada.

Erró el Tribunal de Primera Instancia al excluir indebidamente las deposiciones de testigos no disponibles, pese a cumplirse los requisitos de la Regla 806 y al ser evidencia pertinente bajo las Reglas 401 y 403; además, aplicó erróneamente la presunción de la Regla 304(5).

Erró el Tribunal de Primera Instancia al adjudicar partidas de daños sin descontar los beneficios económicos sustanciales que el demandante admitió haber recibido de la misma transacción con el Apelante, y al acoger tasaciones defectuosas e inconsistentes con USPAP, lo que resultó en una adjudicación inflada, especulativa y contraria al principio de que la indemnización es estrictamente compensatoria. Ello, además, de no reconocer un crédito a favor del Demandado concedido por este Tribunal de Apelaciones.

Erró el Tribunal de Primera Instancia al imponer al apelante el pago de honorarios por temeridad, cuando la reclamación del demandante carecía de base fáctica y la defensa presentada se fundaba en prueba documental, pericial y legal robusta, máxime cuando la propia trayectoria procesal del caso demuestra que no se ha litigado frívolamente sino en estricto cumplimiento de órdenes apelativas, incluyendo la celebración de una vista evidenciaria ordenada por el Tribunal de Apelaciones y varias revocaciones al foro primario, de modo que la intervención del apelante ha sido necesaria y legítima, y no temeraria, por lo que la imposición de intereses por temeridad constituye un castigo punitivo indebido por el mero hecho de ejercer su derecho a defenderse.

El 4 de diciembre de 2025, emitimos una *Resolución*[7] concediendo a la parte apelada hasta el 23 de diciembre de 2025 para presentar su alegato, y concediendo a la parte apelante hasta el 7 de enero de 2026 para elevar la Transcripción de la Prueba Oral Estipulada (TPOE). Tras varios incidentes procesales innecesarios pormenorizar, el 15 de abril de 2026, compareció la parte apelada mediante *Apelación (Certiorari)*.[8] Contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

II

**A. La Responsabilidad Civil por Daños**

El Artículo 1802 del Código Civil de Puerto Rico de 1930 le impone el deber a toda persona de no causar daño a otra mediante un acto u omisión culposa o negligente. Artículo 1802 del Código Civil de 1930, 31 LPRA sec. 5141 (derogado).[9] A su vez, el referido artículo establece la obligación de reparar los daños causados en los que medie culpa o negligencia. *Id.* Ahora bien, para que surja la responsabilidad civil extracontractual al amparo del Artículo 1802, deben concurrir los siguientes tres (3) elementos: (i) un daño; (ii) una acción u omisión negligente o culposa, y (iii) la correspondiente relación causal entre ambos. *Rivera v. S.L.G. Díaz*, 165 DPR 408, 421 (2005).

El concepto culpa del Artículo 1802 es infinitamente abarcador, tanto como lo suele ser la conducta humana. A esos efectos, la culpa debe evaluarse con amplitud de criterio. *Rivera v. S.L.G. Díaz*, *supra*, a la pág. 422; *Santini Rivera v. Serv. Air, Inc.*, 137 DPR 1, 8 (1994); *Reyes v. Sucn. Sánchez Soto*, 98 DPR 305, 310 (1970). Esta, se ha definido como la falta del debido cuidado al no anticipar y prever las consecuencias racionales de un acto, o la omisión de un acto, que una persona prudente y razonable

---

[7] SUMAC TA, a la Entrada Núm. 5.
[8] SUMAC TA, a la Entrada Núm. 23.
[9] Artículo 1802 del Código Civil de 1930, 31 LPRA sec. 5141 (derogado). El Código Civil de Puerto Rico de 1930 fue derogado por el Código Civil de Puerto Rico de 2020 aprobado mediante la Ley Núm. 55 de 1 junio de 2020, 31 LPRA sec. 5311 *et seq.* Para fines de este caso, se hace referencia únicamente al Código Civil derogado por ser la ley vigente y aplicable a la controversia que nos ocupa.

habría previsto en las mismas circunstancias. *Rivera v. S.L.G. Díaz*, *supra,* a la pág. 421; *Ramos v. Carlo*, 85 DPR 353, 358 (1962). Entiéndase que, para que ocurra responsabilidad, la persona debe de haber omitido prever las consecuencias de una determinada acción o inacción. *Montalvo v. Cruz*, 144 DPR 748, 756 (1998). Por su parte, el daño es "todo menoscabo material o moral causado contraviniendo una norma jurídica, que sufre una persona y del cual haya de responder otra". *López v. Porrata Doria*, 169 DPR 135, 151 (2006).

Es menester enfatizar que, en nuestro ordenamiento jurídico, la relación causal que debe existir entre la acción u omisión culposa o negligente y el daño se rige por la doctrina de la causalidad adecuada, la cual propone que "no es causa toda condición sin la cual no se hubiera producido el resultado, sino la que ordinariamente lo produce según la experiencia general". *Colón, Ramírez v. Televicentro de P.R.*, 175 DPR 690, 707 (2009). Ello, implica que la ocurrencia del daño debe ser previsible dentro del curso normal de los acontecimientos. *López v. Porrata Doria, supra,* a la pág. 152. Consecuentemente, recae sobre la parte que solicita ser indemnizada el deber de establecer, mediante preponderancia de la prueba, todos los elementos de la causa de acción por daños y perjuicios. *SLG Colón-Rivas v. ELA*, 196 DPR 855, 864 (2016).

**B. La Apreciación de la Prueba y Deferencia Judicial**

Como es sabido, tanto el ejercicio discrecional que efectúa el Tribunal de Primera Instancia de apreciación de la prueba como las determinaciones de hecho que esgrime están revestidas de confiabilidad y merecen gran deferencia. *Trinidad v. Chade*, 153 DPR 280, 291 (2001), citando a *Pueblo v. Torres Rivera*, 137 DPR 630 (1994). Ello, toda vez que es el foro primario quien tiene la oportunidad de ver, escuchar y valorar las declaraciones de los testigos, así como sus lenguajes no verbales. *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194, 219 (2021); *Meléndez Vega v. El Vocero de PR*, 189 DPR 123, 142 (2013). Esto, al contrario del Tribunal de Apelaciones, quien cuenta únicamente con "récords mudos e

inexpresivos". *S.L.G. Rivera Carrasquillo v. A.A.A*, 177 DPR 341, 356 (2009); *Trinidad v. Chade*, *supra*, a la pág. 291. Así, pues, en nuestro sistema de justicia, la discreción judicial permea la evaluación de la prueba presentada en los casos y controversias. *González Hernández v. González Hernández*, 181 DPR 746, 776 (2011).

Por lo anterior, conviene mencionar que las decisiones discrecionales que toma el foro primario no serán revocadas a menos que se demuestre que ese foro abusó de su discreción. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434 (2013). Un tribunal de justicia incurre en un abuso de discreción cuando el juez, sin fundamento para ello: (i) no toma en cuenta e ignora en la decisión que emite un hecho material importante que no podía ser pasado por alto; (ii) concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o (iii) no toma en cuenta todos los hechos materiales e importantes, descarta los relevantes, así como los sopesa y calibra livianamente. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009).

Como corolario de lo anterior, nuestro Tribunal Supremo ha resuelto que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto, o cuando un análisis integral de la prueba así lo justifique. *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994); *Rivera Pérez v. Cruz Corchado*, 119 DPR 8, 14 (1987); *Sierra v. Tribunal Superior*, 81 DPR 554, 572 (1959). Se ha determinado que un juzgador incurre en pasión, prejuicio o parcialidad si actúa movido por inclinaciones personales de tal intensidad que adopta posiciones, preferencias o rechazos con respecto a las partes o sus causas que no admiten cuestionamiento, sin importar la prueba recibida en sala, e incluso antes de que se someta prueba alguna. *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 782 (2013). Con relación al error manifiesto, un juzgador incurre en este cuando, de un análisis de la totalidad de la evidencia, este Tribunal de Apelaciones queda convencido

de que las conclusiones están en conflicto con el balance más racional, justiciero y jurídico de la totalidad de la evidencia recibida. *Dávila Nieves v. Meléndez Marín, supra,* a la pág. 772. Igualmente, se podrá intervenir con la determinación del tribunal de instancia cuando la valoración de la prueba se aparte de la realidad fáctica o resulte inherentemente imposible o increíble. *Santiago Ortiz v. Real Legacy et al*., *supra,* a la pág. 219; *González Hernández v. González Hernández*, *supra*, a la pág. 777.

No obstante, lo anterior, nuestro más Alto Foro ha resuelto que, en instancias en las cuales las determinaciones de hecho que realice el foro primario estén basadas en prueba pericial o documental, el tribunal revisor estará en la misma posición para revisar la prueba. *Santiago Ortiz v. Real Legacy et al*., *supra,* a la pág. 219. Por tanto, en dichas instancias, este tribunal apelativo "tendrá la facultad para adoptar su propio criterio en la apreciación y evaluación de la prueba pericial, y hasta para descartarla, aunque resulte técnicamente correcta". *Santiago Ortiz v. Real Legacy et al*., *supra,* a la pág. 219*; Mun. de Loíza v. Sucns. Suárez et al.*, 154 DPR 333, 363 (2001); *Prieto v. Mary land Casualty Co.*, 98 DPR 594, 623 (1970).

Huelga señalar que, aunque según vimos, la apreciación de la prueba no está exenta de toda revisión, si la actuación del tribunal de instancia no está desprovista de base razonable ni perjudica los derechos sustanciales de una parte, lo lógico es que prevalezca el criterio de este foro, que es a quien corresponde la dirección del proceso. S*ierra v. Tribunal Superior*, *supra*, a la pág. 572. Por ende, los foros apelativos solo podremos intervenir con tal apreciación luego de realizar una evaluación rigurosa y que de esta surjan serias dudas, razonables y fundadas. Ahora bien, una apreciación errónea de la prueba no tiene credenciales de inmunidad frente a la función revisora de un tribunal apelativo. *Rivera Pérez v. Cruz Corchado*, *supra*, a la pág. 14.

**C. Imposición de Honorarios por Temeridad**

La Regla 44.1 de Procedimiento Civil, 32 LPRA Ap. III, R. 44.1, permite la imposición de honorarios en caso de que cualquiera de las

partes, o su abogado, procedan con temeridad o frivolidad. En su parte pertinente, el inciso (d) de la mencionada norma establece lo siguiente: "En caso [de] que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta." 32 LPRA Ap. V, R. 44.1 (d).

Se considera temeridad "aquella conducta que hace necesario un pleito que se pudo evitar, que lo prolonga innecesariamente o que obliga que la otra parte incurra en gestiones evitables". *Marrero Rosado v. Marrero Rosado*, 178 DPR 476, 504 (2010). Cabe señalar que esta misma conducta se toma en cuenta tanto para la imposición de honorarios de abogado al amparo de la Regla 44.1 (d) de Procedimiento Civil, *supra*, como para la imposición del interés legal por temeridad al amparo de la Regla 44.3 (b) de Procedimiento Civil, 32 LPRA Ap. V, R. 44.3 (b). Según lo ha expresado el Tribunal Supremo, ambas penalidades "persiguen el mismo propósito de disuadir la litigación frívola y fomentar las transacciones mediante sanciones que compensen a la parte victoriosa los perjuicios económicos y las molestias producto de la temeridad de la otra parte". *Marrero Rosado v. Marrero Rosado*, *supra*, pág. 505.

El propósito de la imposición de honorarios por temeridad es penalizar a la parte perdidosa "que [,] por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconveniencias de un pleito". *Rivera v. Tiendas Pitusa, Inc.*, 148 DPR 695, 702 (1999). Se considera que incurre en temeridad aquella parte que torna necesario un pleito frívolo y obliga a la otra a incurrir en gastos innecesarios. *P.R. Oil v. Dayco*, 164 DPR 486, 511 (2005). La determinación de si una parte obró con temeridad descansa en la sana discreción del tribunal sentenciador. *Id*. La imposición del pago de honorarios de abogado es imperativa cuando el tribunal sentenciador

concluye que una parte incurrió en temeridad. *Id.* Además, debemos señalar que la norma es que "[e]n ausencia de una conclusión expresa a tales efectos, un pronunciamiento en la sentencia condenando al pago de honorarios de abogado, implica que el tribunal sentenciador consideró temeraria a la parte así condenada". *Montañez Cruz v. Metropolitan Cons. Corp.*, 87 DPR 38, 40(1962). Es decir, no es necesaria una determinación expresa de temeridad si el foro sentenciador impuso el pago de una suma por honorarios de abogado en su sentencia. Por constituir un asunto discrecional del tribunal sentenciador, los tribunales revisores solo intervendremos en dicha determinación cuando surja un claro abuso de discreción. *P.R. Oil v. Dayco*, *supra*, pág. 511.

Sin embargo, es importante aclarar que se entiende que no existe temeridad cuando lo que se plantea ante el foro primario son planteamientos complejos y novedosos que no han sido resueltos en nuestra jurisdicción. De igual manera, no existe temeridad en aquellos casos en que el litigante actúa de acuerdo con la apreciación errónea de una cuestión de derecho y no hay precedentes establecidos sobre la cuestión. Tampoco se incurre en temeridad cuando existe alguna desavenencia honesta en cuanto a quién favorece el derecho aplicable a los hechos del caso. *Santiago v. Sup. Grande*, 166 DPR 796, 821 (2006).

III

En el caso de título, la parte apelante acude ante nos y esgrime la comisión de ocho (8) errores por parte del foro primario. Por la naturaleza de los errores, el *primer* y *octavo* señalamiento de error serán discutidos por separado. En cuanto a los señalamientos de error del *segundo* al *séptimo*, por encontrarse íntimamente relacionados, estos serán atendidos en conjunto. Veamos.

En *primer lugar*, nos señala el apelante que incidió el foro primario al acoger ciegamente el memorando de hechos y derecho presentado por el apelado, utilizándolo como si fuese su propia sentencia. En nuestro ordenamiento jurídico, específicamente el Canon 9 de Ética Judicial

establece que los jueces podrán, "cuando a su juicio lo requieran los fines de la justicia, solicitar proyectos de sentencia, resoluciones u órdenes, los cuales podrán utilizar como instrumento auxiliar". 4 LPRA Ap. IV-B, C.9. De un examen de la *Resolución*[10] emitida por el Tribunal de Primera Instancia, así como el *Memorando de Derecho*[11] presentado por la parte apelada, se desprende con claridad que, aun cuando existen similitudes sustanciales entre ambos escritos, no estamos ante una adopción automática o una "firma a ciegas" como sostiene el apelante. El foro primario acogió varias de las propuestas de la parte apelada, sin embargo, ejerció su criterio independiente al introducir las modificaciones que estimó pertinentes. Cabe resaltar, entre algunas de ellas, que ajustó las cuantías por concepto de daños, apartándose de las sugeridas y fijando aquellas que consideró probadas conforme a la evidencia desfilada. Por tanto, la imputación formulada por la parte apelante nos parece infundada, ya que es una mera suposición y no existe base alguna para concluir que el foro primario incurrió en tal conducta.

En cuanto a los errores *segundo* al *séptimo*, la parte apelante ataca la apreciación de la prueba que realizó el foro primario. En apretada síntesis, el apelante señala que incidió el foro primario al utilizar prueba previamente descartada; condenar al apelante a pagar una triple compensación; admitir y acoger peritaje de lucro cesante que carecía de fundamento; adjudicar daños especiales no reclamados; excluir deposiciones de testigos no disponibles y, adjudicar partidas de daños sin descontar ciertos beneficios económicos sustanciales.

De entrada, es menester señalar que el ejercicio discrecional que efectúa el tribunal de instancia de apreciación de la prueba, así como de determinar hechos, está revestido de gran confiabilidad y merece deferencia por parte de este tribunal. *Trinidad v. Chade*, *supra*, a la pág. 291. Esto, puesto a que es el foro primario el que tuvo la oportunidad de

---

[10] SUMAC TA, a la Entrada Núm. 1, Anejo 2.
[11] *Id.,* al Anejo 10.

ver, escuchar y valorar los testigos, así como sus lenguajes no verbales. *Santiago Ortiz v. Real Legacy et al.*, *supra*, a la pág. 219. Por tanto, no se debe sustituir el criterio del tribunal de instancia a menos que se demuestre que están presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto, o cuando un análisis integral de la prueba así lo justifique. *Coop. Seguros Múltiples de P.R. v. Lugo*, *supra*, a la pág. 208. También se podrá variar lo dispuesto por el foro primario cuando la prueba se aparte de la realidad fáctica o resulte inherentemente imposible o creíble. *Santiago Ortiz v. Real Legacy et al.*, *supra,* a la pág. 219. Dicho lo anterior, es de ver que, si la actuación del tribunal de instancia no está desprovista de bases razonables, ni perjudica los derechos sustanciales de alguna de las partes, debe prevalecer el criterio de este foro. *Sierra v. Tribunal Superior*, *supra*, a la pág. 572.

Según surge de los autos, el Tribunal de Primera Instancia celebró el juicio durante un extenso calendario de vistas que se desarrolló de manera continua durante los años 2023 y 2024. Asimismo, surge de las transcripciones de las vistas que las determinaciones del foro primario se sostienen con la prueba desfilada. Por tanto, tras haber examinado minuciosamente los autos ante nuestra consideración, así como las posiciones de las partes, la transcripción de la prueba oral y la prueba admitida, coincidimos que, en este caso, no se encuentra presente ninguna circunstancia que nos autorice a variar el criterio del tribunal *a quo*.

Por *último*, plantea la parte apelante que incidió el foro primario al imponerle el pago de honorarios por temeridad cuando la propia trayectoria procesal del caso demuestra que no se ha litigado frívolamente sino en estricto cumplimiento de órdenes apelativas. La jurisprudencia es clara a los efectos de exigir que una determinación de temeridad sea realizada a base de la conducta disruptiva de la parte sancionada. No podemos olvidar que la imposición de honorarios por temeridad es penalizar a la parte perdidosa "que [,] por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte,

innecesariamente, a asumir las molestias, gastos, trabajo e inconveniencias de un pleito". *Rivera v. Tiendas Pitusa, Inc.*, *supra*.

De un examen del expediente surge que, en el caso de título, el foro primario ha sido revocado en cuatro (4) ocasiones en favor del apelante. Ello evidencia que el litigio del caso no ha sido temerario, pues fue acogido tanto en este Tribunal de Apelaciones como en nuestro Tribunal Supremo.[12] Lo anterior sustenta que el litigio sostuvo controversias genuinas y complejas que merecieron análisis sustantivo en derecho. Por tanto, a pesar de que la determinación sobre si una parte ha procedido con temeridad descansa en la sana discreción del tribunal sentenciador, no surge del expediente justificación para la imposición de honorarios en este caso. Si bien es cierto que la determinación de temeridad del foro primario no tiene que realizarse en términos expresos, la conclusión debe fundamentarse en el expediente. En ausencia de prueba o indicios de que se haya procedido de forma temeraria, el foro primario no estaba facultado para imponer el pago de honorarios. En virtud de lo expuesto, colegimos en que corresponde modificar la sentencia apelada, a los únicos efectos de revocar la determinación de la concesión de honorarios por temeridad, al igual que los intereses por temeridad aplicados en cada una de las partidas otorgadas en concepto de daños.

IV.

Por los fundamentos que anteceden, resolvemos *confirmar* en parte y *revocar* parcialmente la *Resolución/Sentencia* apelada*.*

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[12] KLAN201000293; KLCE201400424; *Cacho Pérez v. Hatton Gotay*, 195 DPR 1 (2016); KLAN201900765.